

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| JEFF FRANKLIN KNIGHT, § | | |
| Plaintiff, § | | |
| vs. § | CIVIL ACTION NO. 0:17-1896-MGL | |
| § | | |
| NANCY A. BERRYHILL, § | | |
| Acting Commissioner of Social Security, § | | |
| Defendant. § | | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT BERRYHILL'S DECISION DENYING BENEFITS**

This is a Social Security appeal in which Plaintiff Jeff Franklin Knight seeks judicial review of the final decision of Defendant Nancy A. Berryhill denying his claim for Disability Insurance Benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Berryhill's final decision denying Knight's claim be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 27, 2018, Knight filed his objections on July 10, 2018, and Berryhill filed her reply on July 18, 2018. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

In January 2014, Knight filed his applications for DIB. He contends his disability, allegedly due to a back injury, arthritis, a neck injury, depression, and degenerative disc disease, commenced on November 1, 2011. Berryhill denied Knight's application initially and upon reconsideration. Knight then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on December 18, 2015.

On January 26, 2016, the ALJ issued a decision holding Knight did not have a disability under the Social Security Act. The Appeals Council denied his request to review the ALJ's decision. Knight then filed this action for judicial review with the Court on July 18, 2017.

Disability is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 20 C.F.R. §§ 404.1505(a), 416.905(a). The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

Although ALJ must sufficiently explain the reasons for the ruling to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] [s]he must . . . build an accurate and logical

3

bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted). The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986). "The fact that the record as a whole might support an inconsistent conclusion is immaterial[.]" *Blalock v. Richardson Eyeglasses*, 483 F.2d 773, 775 (4th Cir. 1972) (footnotes omitted).

Knight offers five objections to the Report. First, he asserts the Magistrate Judge erred in suggesting substantial evidence supports the ALJ's credibility determination. Objections 1. This claim fails.

Knight complains "[t]he ALJ gave little reason for discounting [his] testimony, stating baldly that [he] 'was not fully credible.'" *Id*. at 2 (quoting A.R. 19). The Court's reading of the ALJ's decision fails to comport with that of Knight.

The Magistrate Judge ably and correctly dealt with this allegation in the Report, laying out the specific reasons the ALJ gave for holding Knight "was not fully credible." Report 8 (quoting

4

A.R. 19. The Court need not recite the ALJ's rationale again here. Suffice it to say this complaint is meritless.

"Further," according to Knight, "the reasons [the ALJ] did give were flawed, and the medical records she cites actually bolster and corroborate [Knight's] testimony and credibility." *Id*. The Court is unconvinced.

In over three pages, Knight marshals evidence to support this claim and effectively asks the Court to do the very thing controlling law forbids it to do: reweigh the evidence. *See Laws*, 368 F.2d at 642 ("It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [Berryhill] if [the] decision is supported by substantial evidence."). Thus, it is for these reasons the Court will overrule this objection.

Second, Knight contends the Magistrate Judge should have recommended "[t]he [ALJ] erred in over-assessing [Knight's] residual functional capacity [RFC]." Objections 6. The Court is unable to agree.

After Knight sets forth some Social Security law, Knight leads out in his argument by stating, "[b]ecause . . . the ALJ erred in assessing [his] credibility, substantial evidence fails to support the ALJ's finding that [he] had the RFC to perform light work." Objections 6. But, the Court has already rejected Knight's credibility argument above.

The Court, thus, turns to the next sub-part of Knight's second objection in which he maintains "the ALJ failed to consider the combined effect of [his] impairments and the ALJ's determination that [he] could perform light work is a clear overassessment of his RFC and is inconsistent with the evidence in the record." *Id*. Again, Knight invites the Court to reweigh the

evidence in the record and substitute its judgment for that of the ALJ. But, as explained above, this is something the Court is unable to do.

Also, according to Knight, "[i]nstead of utilizing [the] mandated analysis, the ALJ in [this] case summarily determined [Knight] was capable of light work." *Id*. at 8. A close reading of the ALJ's opinion, however, belies this assertion.

Of course, "[t]he burden of persuasion to prove disability and to demonstrate RFC [is] on the claimant[.]" *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). And, as the Magistrate Judge observed, "Knight has not demonstrated that the ALJ's residual functional capacity analysis is unsupported by substantial evidence or controlled by an error of law." Report 12.

In fact, the ALJ's decision unmistakably demonstrates she evaluated all the relevant evidence in the record. And, after having done so, she held Knight was limited to a reduced range of light work. Even so, once again, Knight invites the Court to reweigh the evidence presented and substitute its judgment for that of the ALJ; but the Court declines the invitation. Consequently, the Court will overrule this objection, too.

Third, Knight argues the Magistrate Judge erred in concluding the ALJ properly considered and discussed the vocational consequences of pain on Knight. Objections 9. This claim is without merit.

Having reviewed the ALJ's decision, the Court concludes she carefully considered the evidence Knight marshals in support of his purported pain, along with the other evidence in the record. The question before the Court is not whether there is substantial evidence in the record to support Knight's allegations of pain. Instead, the Court must ask whether (1) there is substantial evidence to support the ALJ's decision the pain fails to render Knight disabled and (2) the decision

is free from reversible legal error. Because the Court's answer to both of these questions is in the affirmative, the Court will also overrule this objection.

Fourth, according to Knight, the Magistrate Judge erred when she advised the Court the ALJ properly assessed his mental residual functional capacity. Objections 10. This argument is wanting.

In the ALJ's decision, she noted Knight "has had no mental health treatment by a mental health professional, and was prescribed psychotropic medication by his primary care physician which he reported was effective." A.R. 19. Thus, she concluded, "[d]ue to his lack of professional mental health treatment and good results with prescribed medication, his mental impairments are not severe, and thus no mental limitations are warranted in the residual functional capacity determination." *Id*. Hence, the Court will overrule this objection as well.

Fifth and finally, Knight maintains the Magistrate Judge erred in her failure to conclude, because "the evidence in the record supports that [Knight] is limited to unskilled work, he is disabled under the Medical-Vocational Guidelines at a sedentary level of exertion." Objections 11. This objection requires little discussion.

Knight asserts "Rule 201.14 of the Grid Rules . . . required a finding that [Knight] is disabled. The Magistrate Judge's failure to do so should be rejected by the District Court." This argument is fundamentally flawed as it attempts to grant to the Magistrate Judge and this Court power it lacks: to weigh the evidence and decide whether a claimant is disabled.

Further, this objection rises and falls on the determination of whether there is any error in the ALJ's holding Knight is able to perform a reduced range of light work. Because the Court is unable to detect any error, the Court will overrule this objection, too.

Although the ALJ could have written more, she provides "an accurate and logical bridge from the evidence to her conclusion[s]," *Clifford*, 227 F.3d at 872, such that the Court is able to provide meaningful review and determine her decision is supported by substantial error and free from reversible legal error. The ALJ's determination is also reasonable. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (stating the Court's sole inquiry is whether the record, when read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ). Consequently, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Knight's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Berryhill's final decision denying Knight's DIB claim is **AFFIRMED**.

    **IT IS SO ORDERED**.

Signed this 6th day of August, 2018, in Columbia, South Carolina.

                                      /s/ Mary Geiger Lewis
                                      MARY GEIGER LEWIS